## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 02 2017, 9:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Karen Fielder
Westfield, Indiana

ATTORNEYS FOR APPELLEE

Ryan G. Liffrig
Alexander P. Pinegar
Church Church Hittle + Antrim
Noblesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Karen Fielder,

*Appellant-Plaintiff,*

v.

Hamilton Southeastern Schools,

*Appellee-Defendant*

March 2, 2017

Court of Appeals Case No.
29A02-1609-MI-2200

Appeal from the Hamilton Circuit Court

The Honorable Paul A. Felix, Judge

Trial Court Cause No.
29C01-1606-MI-5924

**Baker, Judge.**

Karen Fielder's children attend Hamilton Southeastern (HSE) schools. In 2011, Fielder filed a petition to dissolve her marriage and has been involved in a contentious custody dispute with her ex-husband since that time. The dissolution court has granted physical and legal custody to the children's father.[1] Fielder has requested that HSE list her as an emergency contact—someone who is permitted to pick up the children from school—in school records and that she be allowed to eat lunch with her children on school days when the court has not granted her parenting time with her children. HSE denied both requests absent an order from the dissolution court that would authorize these actions. Fielder filed a complaint seeking to force HSE to comply with these requests; the trial court dismissed the complaint for failure to state a claim upon which relief can be granted under Indiana Trial Rule 12(B)(6).

The first basis of Fielder's complaint is the Family Educational Rights and Privacy Act (FERPA). 20 U.S.C. § 1232g. FERPA is enforced by the United States Department of Education, and schools that do not comply with its requirements (related to student educational records) can lose federal funding. An individual has no right of action under FERPA; instead, only the Secretary of Education may enforce its provisions. *E.g.*, *Norris v. Bd. of Educ.*, 797 F.

---

[1] Until very recently, the dissolution court did not even authorize Fielder to have unsupervised parenting time with her children.

Supp. 1452, 1465 (S.D. Ind. 1992). Therefore, the trial court properly concluded that this claim offers no relief to Fielder.

[3] The second basis of the complaint is Indiana Code section 20-33-7-2, which states that a school "must allow a custodial parent and a noncustodial parent of a child the same access to their child's education records" absent a court order to the contrary. Fielder does not allege that she has not been provided the same access to the children's school records as their father. As a result, the trial court properly concluded that this claim offers no relief to Fielder.

[4] Finally, we infer that Fielder may be arguing that the Indiana Parenting Time Guidelines require HSE to comply with her requests. Initially, we note that the Guidelines are merely guidelines—and, indeed, the dissolution court in this case did not follow the Guidelines, affording Fielder substantially less parenting time than the Guidelines suggested. Furthermore, the Guidelines are applicable to cases involving custody and parenting time. Fielder has offered no authority—and we can find none—suggesting that the Guidelines are somehow applicable and binding on non-parties to a custody suit or that the Guidelines provide a private right of action to sue a non-party for failing to comply with part of the guidelines. Consequently, the trial court properly concluded that this claim offers no relief to Fielder.

[5] In sum, the trial court did not err by concluding that Fielder's complaint does not state any claims upon which relief may be granted. Unless and until the dissolution court enters an order authorizing HSE to list Fielder as an

emergency contact and/or to have lunch with her children at school, HSE is not in the wrong by refusing to comply with those requests.

[6] The judgment of the trial court is affirmed.

Najam, J., and Pyle, J., concur.